## City of Coatesville v. Zoning Hearing Board

C.P. of Chester County, no. 99-03552.

*John S. Carnes Jr.,* for City of Coatesville.
*Alan J. Jarvis,* for intervenors.

SANCHEZ, *J.,* April 5, 2000—This is an appeal from a zoning hearing board decision regarding the validity of Ordinance 1090-98 which addresses housing for handicapped individuals. The ordinance states that "No more than one group home shall be permitted per block, and no group home shall be located within 500 feet of another group home or similar use." The issue for review is whether the zoning hearing board committed an error of law or an abuse of discretion in sustaining a substantive challenge to Ordinance 1090-98 on the grounds that it violates both the Fair Housing Amendments Act and the equal protection clause of the Fourteenth Amendment.

## STATEMENT OF FACTS

Intervenors, Amjad A. Madanat, Akram Madanat, Majdi Madanat and Faisal Madanat, are the owners of real property situated at 590 East Chestnut Street in the City of Coatesville, Chester County, Pennsylvania. The property is entirely within the city's RN-4 residential zoning district. The Madanats seek to use the property as a "group home" for developmentally disabled individuals. Under the Coatesville Zoning Ordinance of 1995, the use of the property for a "group home" is a use by right in the RN-4 residential zoning district.

On September 27, 1998, the Coatesville City Council proposed an amendment to the zoning ordinance which was enacted on November 9, 1998 as Ordinance no. 1090-98. The ordinance prohibits (1) the establishment of more than one group home per city block and (2) the establishment of a group home within a 500-foot radius of an existing group home. This ordinance was adopted after the Madanats purchased the property but before they

filed the application for certificate of occupancy with the City of Coatesville.

On November 17, 1998 the Madanats challenged the validity of Ordinance 1090-98 as a violation of the Fair Housing Amendments Act of 1988 and the equal protection clause of the Fourteenth Amendment to the United States Constitution. On March 29, 1999, the zoning hearing board, in a unanimous decision, sustained the Madanats' substantive challenge to Ordinance 1090-98 on the ground that it violated both the FHAA and the equal protection clause to the Fourteenth Amendment.

The City of Coatesville filed a notice of land use appeal on April 28, 1999, asserting that the zoning hearing board's decision was arbitrary and capricious as well as an abuse of its discretion.

## DISCUSSION

This court must analyze the issues and determine whether the zoning board committed an error of law or abused its discretion. *Horizon House v. Township of Upper Southampton,* 804 F. Supp. 683 (E.D. Pa. 1992). The issue is whether an ordinance limiting the use of group homes to one per city block and one every 500 feet, violates the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601, and the equal protection clause of the United States Constitution, U.S. Const. Amendment XIV, Section 1.

The Madanats have standing to challenge the constitutionality of the city ordinance. Courts have specifically held that a person who is not himself handicapped, but is prevented from providing housing for handicapped persons by the discriminatory acts of a municipal zoning ordinance, has standing to sue under the FHAA.

*Horizon House, supra.* The FHAA provides plaintiffs with a direct cause of action as a provider of housing to handicapped persons. *Id.*

The FHAA makes it unlawful to discriminate against a person based on handicap with respect to housing. 42 U.S.C. §3604(f)(2). A violation of the FHAA can be established by demonstrating that the challenged statute discriminates against the handicap on its face and serves no legitimate government interest. A violation of the FHAA may also be established by demonstrating a "disparate treatment," which occurs when the defendant was motivated by an intent to discriminate because of a handicap. Absent a discriminatory intent, a violation may be established by demonstrating the city's actions had a "disparate impact" on handicapped individuals. *Id.*

Ordinance 1090-98 is invalid on its face. The 500-foot spacing requirement is unlawful to the extent that it creates an explicit classification based on handicap with no rational basis or legitimate government interest. The drafters' motive in enacting a facially discriminatory ordinance is irrelevant in determining whether the ordinance is lawful. This court must examine the specific terms of the ordinance to ascertain whether individuals are classified based on their handicap. *Horizon House,* 804 F. Supp. 683. In this instance, the ordinance prevents handicapped persons from exercising their choice of housing. The purpose of the spacing requirement is to limit the number of people with handicaps within the City of Coatesville. The city seeks to avoid saturation of handicapped individuals within its residential districts. This court, therefore, finds that the ordinance is facially invalid.

Furthermore, the 500-foot spacing requirement is disparate treatment of a protected class as well. In the FHAA context, disparate treatment is the "intentional denial of housing based on an individual's race, color, religion, sex, national origin, or handicap." *Id.* The determination of whether an action is based on discriminatory intent requires an inquiry into the circumstantial and direct evidence that is available. *Id.*

In this regard, the evidence shows that the city is trying to prevent saturation, promote integration and preserve the residential districts. This is not an adequate justification nor is it permissible under the FHAA. The city's rationale for enacting the 500-foot rule is irrational and unfounded, even though it honestly believes it to be otherwise.

Similarly, in *Horizon House,* the Eastern District Court rejected the rationale that an ordinance requiring 1,000-foot spacing between group homes for handicapped persons was to prevent "clustering" of people with disabilities and promote their integration into the community. The court held that this was not an adequate justification under the Fair Housing Amendments Act of 1988.[1] Civil Rights Act of 1968, §§802(h), 804(f)(2), as amended, 42 U.S.C. §§3602(h), 3604(f)(2); *Horizon House,* 804 F. Supp. 683.

---

1. The City of Coatesville relies on *Appeal of Lynch Community Homes Inc.,* 123 Pa. Commw. 278, 554 A.2d 155 (1988) in asserting the spacing requirement is a legitimate zoning purpose. A review of the Fair Housing Amendments Act of 1988, however, reveals that 42 U.S.C. §3604(f), barring discriminatory housing practices against the handicapped, was enacted on September 13, 1988, after *Lynch* was argued before the Commonwealth Court. The reasoning in *Lynch* is, therefore, inapplicable to the court's analysis.

There need not be evidence of malicious or evil motives on the part of the drafters. Even benign or paternalistic motives can result in an ordinance that treats handicapped individuals differently than other people. *Id.* Any local ordinance that would require or permit any action that would constitute a discriminatory housing practice under the FHAA may be held invalid. *ReMed Recovery Care Centers v. Township of Willistown, Chester County Pennsylvania,* 36 F. Supp.2d 676. Plaintiff need only prove that the city means and aims to restrict housing opportunities for handicapped people.

This court, therefore, finds that the ordinance is not only facially invalid but that it is disparate treatment as defined by the FHAA.

Even if the ordinance was not facially invalid and purposefully discriminatory, the spacing requirement would nevertheless violate the FHAA because it has a "disparate impact or effect on a handicapped individual's housing choice. *Horizon House,* 804 F. Supp. 697-98. The spacing requirement limits the number of handicapped people within the City of Coatesville, limits their choices in where to live, limits their access to essential community resources, and thwarts the effort to treat handicapped individuals equally to residents who are not handicapped.

Our decision is consistent with the purpose of the Fair Housing Amendments Act of 1988, another predecessor of the ADA. In enacting the Act, the House Judiciary Committee stated "[t]he Fair Housing Amendments Act, like section 504 of the Rehabilitation Act of 1973, as amended, is a clear pronouncement of a national commitment to end the unnecessary exclusion of persons with handicaps from the American mainstream." H.Rep. no. 711, 100th Cong., 2d Sess., 18 (1988), reprinted in 1988

U.S.C.C.A.N. 2173, 2179; *Helen L. v. Didario,* 46 F.3d 325 (3d Cir. 1995).

The purpose of the section of the Fair Housing Amendments Act regarding rights of the handicapped is to protect housing choices of handicapped individuals who seek to buy or lease housing and of those who seek to buy or lease housing on their behalf. Civil Rights Act of 1968, §804(f)(1), as amended, 42 U.S.C. §3604(f)(1); *Growth Horizons Inc. v. Delaware County, Pennsylvania,* 983 F.2d 1277 (3d Cir. 1993). The goal of FHAA was to ensure that persons with handicaps would not be excluded from mainstream. *Hovsons Inc. v. Township of Brick,* 89 F.3d 1096 (3d Cir. 1996).

Turning to the equal protection clause analysis, once a classification is shown to treat people with disabilities differently than people without disabilities, the City of Coatesville must show that the scheme is rationally related to legitimate governmental interest. *Cleburne v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d. 313 (1985); *Horizon House,* 804 F. Supp. 683. The city argues that the spacing requirement is necessary to preserve residential districts, avoid saturation and the creation of hospital districts. There is, however, no rational basis for imposing a distance rule on people with disabilities while allowing those without disabilities to live wherever they choose. *Horizon House,* 804 F. Supp. 683. Failing to show a legitimate government interest, this court finds that the ordinance is a violation of the equal protection clause as well.

## CONCLUSION

In conclusion, the zoning hearing board did not abuse its discretion nor did it commit an error of law in finding

that the ordinance violates both the Fair Housing Amendments Act and the equal protection clause of the Fourteenth Amendment. Accordingly, the zoning hearing board's decision is hereby affirmed.